UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN M. DEANE,           )
                            )
            Plaintiff,      )
                            )
    v.                      )        Cause No. 3:17-CV-713 JD
                            )
RON NEAL,                   )
                            )
            Defendant.      )

## OPINION AND ORDER

Stephen M. Deane, a *pro se* prisoner, filed a complaint alleging that he was housed in unconstitutional conditions of confinement for nine days in the Special Management Cell (SMC) at the Indiana State Prison.[1] "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

---

[1] Deane also alleges that he was housed in violation of Indiana Department of Correction policy, but "[i]n order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right . . .." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Because IDOC polices are not federal constitutional rights, violations of them do not state a claim.

1

On August 8, 2016, Deane was placed in SMC, where he remained for nine days. He claims that the conditions of the SMC violated his Eighth Amendment rights. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). However, "the Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive" or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). There are three major deficiencies with Dean's complaint.

First, the Eighth Amendment claim presented by Deane lacks sufficient detail to determine whether it plausibly states a claim. Though he complains about many conditions, Deane does not detail any of them with enough specificity to determine if he was housed in unconstitutional conditions of confinement. For example, while he claims he was not allowed to go to recreation, that alone is not sufficient to state a claim. Though a total lack of exercise would state a claim where "movement is denied and muscles are allowed to atrophy," *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), the denial of "desirable, entertaining diversions . . . [do] not raise a constitutional issue," *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988). Thus, merely alleging that he is denied access to recreation time does not state a claim. And, while he complains about not receiving various items during this time, he has not alleged that this limitation was other than inherent to his being in segregation and necessary "to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005). Further, though Deane complains about only being allowed to shower once every three days, that did not violate the constitution. *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013). And, while Deane complains that the lights in his cell were left on for 24 hours a day, he does not explain how

bright the lights were, nor what harm was caused by them. Neither does he say whether he was permitted to cover his eyes to block out the light and help him sleep. Based on the current complaint, the court cannot plausibly infer that leaving the lights on for 24 hour each day states a claim. *See Mathews v. Raemisch*, 513 Fed. Appx. 605 (7th Cir. 2013). He also alleges there was "dirt, blood, grime and fecal matter" on the outer walls, floor and under the bed, but it is unclear how that caused inhumane conditions in the area where he lived or how it affected him. While the SMC was clearly uncomfortable and unpleasant, it is not clear that being housed there for 9 days denied him of the "minimal civilized measure of life's necessities." *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664-665 (7th Cir. 2012) *citing Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Though he has provided some factual descriptions, they are insufficient to plausibly state an Eighth Amendment claim.

Second, even if Deane had alleged a plausible Eighth Amendment violation, he has nevertheless failed to name the responsible defendant. The only defendant Deane has named is Ron Neal, the Warden of ISP. Neal is not alleged to have been aware of, or personally involved in, subjecting Deane to the complained of conditions of confinement. Nor does Deane allege that he was housed in those conditions based on any ISP policy. Instead, Deane has named him as a defendant because Neal is responsible for the overall operation of the prison. The warden cannot be liable simply because he oversees the operations of the prison or supervises correctional officers there. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). It is clear Deane believes that unnamed ISP staff members housed him in these conditions contrary to ISP policy. ECF 1 at 3. Therefore, Deane must identify which ISP staff member(s) housed him under the complained of conditions because "[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Third, Deane has not explained how any individual was deliberately indifferent to his conditions of confinement. Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Deane has not alleged that anyone knew of the complained of conditions of the SMC and ignored them.

Without a named responsible defendant, a clear description of the nature of his housing, and allegations establishing that the named defendant was deliberately indifferent, it is impossible to discern whether Deane has a plausible claim. When a complaint is vague, confusing, or lacking in necessary detail, the court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Accordingly, the court will strike the complaint and afford Deane an opportunity to file an amended complaint. If he files an amended complaint, he needs to describe his personal experiences in the SMC cell, not merely general

descriptions. He must also explain how each named individual defendant was deliberately indifferent by describing what that defendant knew about the conditions on the SMC cell and what each could have easily done to change those conditions. He can obtain a copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – from the prison law library.

For these reasons, the court:

(1) **STRIKES** the complaint (ECF 1);

(2) **GRANTS** Stephen M. Deane to and including December 4, 2017, to file an amended complaint on the appropriate form; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: November 2, 2017

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court